**omUNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PINELLAS MARINE SALVAGE, INC. and
JOHN MAVROGIANNIS,

Plaintiffs,

v.

KENNETH R. FEINBERG and
FEINBERG ROZEN, LLP,
d/b/a/ GULF COAST CLAIMS FACILITY,

Defendants.

Case No. __________

**NOTICE OF REMOVAL**

The Defendants hereby give notice under 28 U.S.C. §§ 1331 and 1441 of the removal of the above-captioned case, currently pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida. As will appear, this Court has original jurisdiction over this case under 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

**BACKGROUND**

1. On or about March 1, 2011, Plaintiff served their State Court Complaint filed in Pinellas County Circuit Court on the Defendants (the "State Court Action"). Exhibit 1, *infra.*

2. The Complaint recites the fact of the 2010 oil spill in the Gulf of Mexico due to the explosion and fire aboard the Deepwater Horizon drilling rig (Cplt. ¶¶ 1, 23); that British Petroleum Co. ("BP") is a "responsible party" for the spill under the Oil Pollution Act, 33 U.S.C. §§ 2701 *et seq.* ("OPA") (*id.* ¶¶ 2, 24); that OPA requires a responsible party to establish a procedure for the consideration and possible payment of claims for damages resulting from the spill (*id.* ¶ 24); that, at the request of the White House and BP, Defendant Kenneth Feinberg,

acting through Defendant Feinberg Rozen, LLP, established the Gulf Coast Claims Facility ("GCCF") "to independently administer and where appropriate settle and authorize the payment of certain claims asserted against BP" (*id.* ¶ 27); and that GCCF has "replaced the original BP claims process and commenced performing BP's obligations under OPA with respect to private economic loss claims." *Id.* ¶ 30.

3. OPA requires individuals and/or businesses seeking damages as a result of the spill to first present their claims to the responsible party. *Id.* ¶¶ 5, 98. If the responsible party denies the claim or fails to act on it within 90 days, the claimant may then file suit in court or present the claim to the Oil Spill Liability Trust Fund, administered by the Coast Guard. *Id.*

4. The Complaint alleges that the Defendants have failed in various respects to comply with OPA in handling the claim Plaintiffs presented to the GCCF. Thus, Plaintiffs allege that the Defendants –

> have fraudulently stated that the protocol under which GCCF operates "is structured to be compliant with OPA and apply the standards of OPA" (*id.* ¶¶ 3, 35, 66, 68);
>
> have impermissibly "reset" the 90-day period under OPA because "OPA does not allow the responsible party to 're-advertise' a claim through any other entity, for the purpose of 'resetting' this period" (*id.* ¶ 6);
>
> have fraudulently delayed payment to Plaintiffs by requiring them to resubmit to the GCCF the claim they originally submitted to BP (*id.* ¶ 7);
>
> have committed fraud by failing to advise Plaintiffs that "no claimant should receive any less compensation in the GCCF claims process than they are entitled to under OPA" and that "under OPA * * * any acceptance for a lesser amount [than the claim submitted] *shall not* preclude the claimant from pursuing future recovery" in court or from the federal Oil Spill Fund (*id.* ¶ 12);
>
> have fraudulently required Plaintiffs to prove "proximate causation between [their] damages and the Deepwater Horizon oil spill incident" when "OPA is a strict liability statute" and requires only that a claimant "show that his or her damages 'resulted from' the oil spill" (*id.* ¶ 70);
>
> have fraudulently "failed to provide a procedure for the payment or settlement of claims for interim, short-term damages beyond 90 days" because "[a] single



LIBW/1773953.2

six-month emergency advance payment for lost income is in violation of OPA" (*id.* ¶¶ 74, 78);

have, "in violation of OPA, provide[d] for a single final settlement payment" (*id.* ¶ 21);

have fraudulently stated "that no claim may be submitted to the GCCF 'more than three years after the date the Protocol becomes operative'" because OPA permits claims brought "within three years after the date on which the loss" and its connection with the spill is discoverable (*id.* ¶¶ 82-83);

have fraudulently failed to advise Plaintiffs of certain information about the OPA claims procedure (*id.* ¶¶ 86-90, 97);

have fraudulently failed to pay interest required by OPA (*id.* ¶¶ 92-93);

have fraudulently required a full release of claims in return for payment, in violation of OPA (*id.* ¶¶ 94-96); and

have fraudulently delayed payment to Plaintiffs by holding their claim under review indefinitely in violation of OPA (*id.* ¶¶ 98-99).

5. Plaintiffs' causes of action purport to state claims under Florida common law, but they all allege and depend on finding a violation of OPA. Thus, for example, Counts I and II, for Gross Negligence and Negligence, assert that Defendants owe Plaintiffs a duty "to exercise reasonable care in regard to the operation of Defendant GCCF's claims intake, claim review, claim evaluation and claim settlement and payment services" (*id.* ¶¶ 110, 118), and that Defendants have breached that duty "in their negligent operation of Defendant GCCF's claim intake, claim review, claim evaluation and claim settlement and payment services in" various manners, including "Inadequate Claim Processing," "Inadequate Claim Investigation," "Delay in Payment," and "Unreasonable Denial of Claim." *Id.* ¶¶ 112,121.

6. Count III of Plaintiff's Complaint, alleging negligence *per se,* alleges that "Defendant's conduct with regard to the operation of Defendant GCCF's claim intake, claim review, claim evaluation and claim settlement and payment services is governed by the Oil

Pollution Act of 1990" which "creates statutory standards that are intended to protect and benefit Plaintiffs," and that "Defendants' violations of these statutory standards constitute negligence *per se*." *Id.* ¶¶126-28.

7. Count IV, for fraud, asserts that Defendants have falsely represented that "[t]he protocol under which Defendant GCCF operates is structured to be compliant with OPA and apply the standards of OPA." *Id.* ¶ 131.

8. Counts V (fraudulent inducement), VI (promissory estoppel), and VII (unjust enrichment) also depend on finding that the Defendants have violated OPA.

**FEDERAL QUESTION JURISDICTION EXISTS**

Federal District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This case arises under OPA because, as shown above, all of Plaintiffs' claims assert violations of OPA and will require an interpretation of OPA notwithstanding that Plaintiffs' claims are purportedly asserted under state law. See also 33 U.S.C. § 2717(b), giving federal district courts "original jurisdiction over all controversies arising under this Act [OPA], without regard to the citizenship of the parties or the amount in controversy."

The case also arises under the Outer Continental Shelf Lands Act, which grants a federal district court subject-matter jurisdiction of a case or controversy "arising out of, or in connection with * * * any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf." 43 U.S.C. § 1349(b)(1). Accordingly, in *Phillips v. BP LPC*, 2010 U.S. Dist. LEXIS 84432 *3 (Aug. 17, 2010, N.D. Fla.), the plaintiff sued BP in state court for damages resulting

from the Deepwater Horizon spill, BP removed the case to federal court, and the court denied plaintiff's motion to remand, ruling:

> When it exploded, the *Deepwater Horizon* was operating on the outer continental shelf. Its operations were part of the exploration for, and intended development and production of, continental-shelf oil. * * *.
>
> As a matter of plain English, § 1349(b)(1) provides federal jurisdiction over the plaintiff's claim, because the claim arises out of, and is connected with, the *Deepwater Horizon's* oil-related operations on the continental shelf. That begins and ends the proper analysis of the jurisdictional issue as presented in this case.

Accordingly, the service of the Notice of Removal in the State Court Action vests this Court with original federal subject matter jurisdiction over this action, giving Defendants the right to remove the case under 28 U.S.C. § 1441.

**DIVERSITY JURISDICTION EXISTS**

Plaintiff Pinellas Marine Salvage, Inc. is a corporation organized under the laws of the State of Florida. Cplt. ¶ 18. Plaintiff John Mavrogiannis is a resident of Pinellas County, Florida. *Id.* ¶ 19. Defendant Feinberg is a resident of the District of Columbia. *Id.* ¶ 20. Defendant Feinberg Rozen is a District of Columbia limited liability partnership with its principal place of business in Washington, D.C. *Id.* ¶ 21. Defendant GCCF is simply an entity created by Defendant Feinberg and Defendant Feinberg Rozen. *Id.* ¶ 22. Thus complete diversity exists between the Plaintiffs and the Defendants. Plaintiff has requested payment from GCCF in the amount of $98,000 (*id.* ¶ 42) and has submitted a claim to the GCCF for $900,000 (*id.* ¶ 44), and complains of non-payment (*e.g., id.* ¶ 122). Hence the amount in controversy exceeds $75,000.

Accordingly, the service of the Notice of Removal in the State Court Action vests this Court with original diversity jurisdiction over this action, and the Defendants therefore have the right to remove the case under 28 U.S.C. § 1441.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

Removal to Proper Court. In accordance with 28 U.S.C. § 1446(a), Defendant is filing this Notice of Removal in the federal district court and division embracing the state court where the State Court Action was filed.

Removal is Timely. Defendants were served with the Complaint on March 1, 2011. This Notice is timely filed within 30 days of service, as required by 28 U.S.C. § 1446(b).

Pleadings and Process. Attached hereto as Exhibit 1 are copies of all process, pleadings and orders served upon Defendants in the State Court Action, as required by 28 U.S.C. § 1446(a).

Notice. Attached hereto as Exhibit 2 is a copy of the Notice of Removal to Opposing Counsel, which will be promptly served upon Plaintiffs and filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, as required by 28 U.S.C. §§ 1446(a), 1446(d). Attached hereto as Exhibit 3 is a copy of a Notice of Filing of Notice of Removal, which will be promptly served upon Plaintiffs and filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, as required by 28 U.S.C. § 1446(d).

Consent to Removal. All Defendants file this Notice or Removal and consent to removal of this case.

Signature. This Notice of Removal is signed under Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

Bond and Verification. No bond is required in connection with this Notice of Removal and this Notice need not be verified. *See* § 1016 of the Judicial Improvements and Access to Justice Act of 1988.

WHEREFORE, this action should proceed in the United States District Court for the Middle District of Tampa as an action properly removed thereto.

Respectfully submitted,

**/s/ Eric S. Adams**
Eric S. Adams, Esquire
Florida Bar No. 0090476
SHUTTS & BOWEN LLP
100 S. Ashley Dr., Suite 1500
Tampa, Florida 33602
Telephone: (813) 227-8122
Facsimile: (813) 229-8901
eadams@shutts.com

and

David B. Pitofsky, Esquire
Goodwin Procter, LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212_ 813.8972
dpitofsky@goodwinprocter.com
**Local admission anticipated**

and

William F. Sheehan, Esquire
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202)346.4303
wsheehan@goodwinprocter.com
**Local admission anticipated**

Counsel for Defendants

March 18, 2011



LIBW/1773953.2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY a copy of the foregoing was sent by U.S. Mail to: **Brian J. Donovan, Esquire**, 3102 Seaway Court, Suite 304, Tampa FL 33629, this 18th day of March, 2011.

**/s/ Eric S. Adams**
Attorney



LIBW/1773953.2

# CIRCUIT COURT, PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION
## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

**I. CASE STYLE**

Plaintiff Pinellas Marine Salvage, Inc., and Mavrogiannis, John

Case #: 11-1744 CI

Judge: 013

vs.

Defendant Feinberg, Kenneth R., and FEINBERG ROZEN, LLP d/b/a Gulf Coast Claims Facility

FILED
KEN BURKE
CLERK CIRCUIT COURT
11 FEB 25 PM 3:50
CIVIL COURT REC. DEPT.

**II. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- [ ] Condominium
- [ ] Contracts and indebtedness
- [ ] Eminent domain
- [ ] Auto negligence
- [ ] Negligence—other
  - [ ] Business governance
  - [ ] Business torts
  - [ ] Environmental/Toxic tort
  - [ ] Third party indemnification
  - [ ] Construction defect
  - [ ] Mass tort
  - [ ] Negligent security
  - [ ] Nursing home negligence
  - [ ] Premises liability—commercial
  - [ ] Premises liability—residential
- [ ] Products liability
- [ ] Real property/Mortgage foreclosure
  - [ ] Commercial foreclosure $0 - $50,000
  - [ ] Commercial foreclosure $50,001 - $249,999
  - [ ] Commercial foreclosure $250,000 or more
  - [ ] Homestead residential foreclosure $0 - $50,000
  - [ ] Homestead residential foreclosure $50,001 - $249,999
  - [ ] Homestead residential foreclosure $250,000 or more
  - [ ] Non-homestead residential foreclosure $0 - $50,000
  - [ ] Non-homestead residential foreclosure $50,001 - $249,999
  - [ ] Non-homestead residential foreclosure $250,000 or more
  - [ ] Other real property actions $0 - $50,000
  - [ ] Other real property actions $50,001 - $249,999
  - [ ] Other real property actions $250,000 or more
- [ ] Professional malpractice
  - [ ] Malpractice—business
  - [ ] Malpractice—medical
  - [ ] Malpractice—other professional
- [x] Other
  - [ ] Antitrust/Trade regulation
  - [x] Business transactions
  - [ ] Constitutional challenge—statute or ordinance
  - [ ] Constitutional challenge—proposed amendment
  - [ ] Corporate trusts
  - [ ] Discrimination—employment or other
  - [ ] Insurance claims
  - [ ] Intellectual property
  - [ ] Libel/Slander
  - [ ] Shareholder derivative action
  - [ ] Securities litigation
  - [ ] Trade secrets
  - [ ] Trust litigation

**III. REMEDIES SOUGHT** (check all that apply):

- [x] monetary;
- [ ] nonmonetary declaratory or injunctive relief;
- [x] punitive

**IV. NUMBER OF CAUSES OF ACTION**: [ 7 ]

(specify) Gross Negligence, Negligence, Negligence Per Se, Fraud, Fraudulent Inducement, Promissory Estoppel and Unjust Enrichment

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**

- [ ] yes
- [x] no

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

- [x] no
- [ ] yes If "yes," list all related cases by name, case number, and court.

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**

- [x] yes
- [ ] no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature ______________________ Fla. Bar # 143900
Attorney or party (Bar # if attorney)

Brian J. Donovan February 25, 2011
(type or print name) Date

(Form 1.997 Civil Rules of Procedure 1/2010)

TAMPAIN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL ACTION

PINELLAS MARINE SALVAGE, INC. and
JOHN MAVROGIANNIS,

Plaintiffs,

v.

KENNETH R. FEINBERG and
FEINBERG ROZEN, LLP,
d/b/a/ GULF COAST CLAIMS FACILITY,

Defendants.

Case No. 11-1744 CI 013
522011CA001744xxCI

**NOTICE OF REMOVAL TO OPPOSING COUNSEL**

To: Brian J. Donovan
3102 Seaway Court, Suite 304
Tampa, FL 33629

YOU ARE HEREBY NOTIFIED that on this 18th day of March, 2011, the defendants in the above-styled cause did file in the Office of the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, their Notice of Removal of the above-styled cause to the United States District Court for the Middle District of Florida, Tampa Division, a copy of said Notice being attached hereto, and that removal of said cause to the United States District Court for the Middle District of Florida, Tampa Division, has been effected thereby.





Case 2:11-cv-…-JCW Document 1-1 Filed 08/16/11 Page 12 of 16

You will please serve the undersigned with copies of all pleadings which may be filed by you in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to the removal of said cause aforesaid, in accordance with the Rules of Civil Procedure obtained in the said District Court.

March 18, 2011

Eric S. Adams, Esquire
Florida Bar No. 0090476
SHUTTS & BOWEN LLP
100 S. Ashley Dr., Suite 1500
Tampa, Florida 33602
Telephone: (813) 227-8122
Facsimile: (813) 229-8901
eadams@shutts.com

and

David B. Pitofsky, Esquire
Goodwin Procter, LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212_ 813.8972
dpitofsky@goodwinprocter.com
**Local admission anticipated**

and

William F. Sheehan, Esquire
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202)346.4303
wsheehan@goodwinprocter.com
**Local admission anticipated**

Counsel for Defendants

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL ACTION

PINELLAS MARINE SALVAGE, INC. and JOHN MAVROGIANNIS,

Plaintiffs,

v.

KENNETH R. FEINBERG and FEINBERG ROZEN, LLP, d/b/a/ GULF COAST CLAIMS FACILITY,

Defendants.

Case No. 11-1744 CI 013
522011CA001744xxCI

**NOTICE OF FILING NOTICE OF REMOVAL**

Defendants, pursuant to 28 U.S.C. § 1446(d), hereby gives notice to the Clerk of the Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, that on the 18th day of March, 2011, Defendants will remove this action to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1331 and 1332.

Further, this Court is required to take no further action and to stay all proceedings before this Court pursuant to 28 U.S.C. § 1446(d), unless and until further order is forthcoming from the United States District Court for the Middle District of Florida, Tampa Division, remanding this action to the Circuit Court. Absent entry of a Remand Order issued by the United States District Court for the Middle District of Florida, Tampa Division, the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, is divested of jurisdiction over this cause and is requested to stay all actions and undertake no further proceedings.



Attached hereto as Exhibit "A" and incorporated herein by reference is a copy of the Notice of Removal filed with the United States District Court for the Middle District of Florida, Tampa Division by and on behalf of the named Defendants.

DATED this 18th day of March, 2011.

Eric S. Adams, Esquire
Florida Bar No. 0090476
SHUTTS & BOWEN LLP
100 S. Ashley Dr., Suite 1500
Tampa, Florida 33602
Telephone: (813) 227-8122
Facsimile: (813) 229-8901
eadams@shutts.com

and

David B. Pitofsky, Esquire
Goodwin Procter, LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212_ 813.8972
dpitofsky@goodwinprocter.com
**Local admission anticipated**

and

William F. Sheehan, Esquire
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202)346.4303
wsheehan@goodwinprocter.com
**Local admission anticipated**

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY a copy of the foregoing was sent by U.S. Mail to: **Brian J. Donovan, Esquire**, 3102 Seaway Court, Suite 304, Tampa FL 33629, this 18th day of March, 2011.

Attorney

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Pinellas County Marine Salvage, Inc. and John Mavrogiannis

**DEFENDANTS**
Kenneth R. Feinberg and Feinberg Rozen, LLP d/b/a Gulf Coast Claims Facility

(b) County of Residence of First Listed Plaintiff: Pinellas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brian J. Donovan, 3102 Seaway Court, Suite 304, Tampa, FL 33629

Attorneys (If Known)
Eric S. Adams, Shutts & Bowen LLP; William F. Sheehan and David B. Pitofsky, Goodwin Proctor, LLP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
33 U.S.C. §2717(b); 43 U.S.C. §1349(b)(1); 28 U.S.C. §1441

Brief description of cause:
Claim for Benefits related to BP oil spill

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 900,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE N/A DOCKET NUMBER N/A

DATE: 3/18/2011

SIGNATURE OF ATTORNEY OF RECORD: [signature] 0090476

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______